**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| JASON HERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:25-cv-50502 |
| | ) |
| CITY OF LOVES PARKS, CITY OF | ) |
| ROCKFORD , and JOHN DOES 1-10 | ) |
| (individually and in their official capacities as | ) |
| police officers of the Loves Park Police | ) |
| Department and/or Rockford Police Department | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff Jason Herman, by and through his undersigned counsel, complaining of Defendants City of Loves Park ("Loves Park"), City of Rockford ("Rockford"), and John Does 1-10 (individually and in their official capacities as police officers of the Loves Park PD and/or Rockford PD, hereinafter "Individual Officers"), states as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as they arise from the same case or controversy.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred in Winnebago County, Illinois, within this District.

**PARTIES**

4. Plaintiff Jason Herman is an adult individual residing in Rockford, Winnebago County, Illinois.

5. At all times relevant, Defendant City of Loves Park was and is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer of Defendants Officers JOHN DOES from the Loves Park PD.

6. At all times relevant, Defendant City of Rockford was and is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer of Defendants Officers JOHN DOES from the Rockford PD.

7. Defendants John Does 1-10 are police officers employed by the Loves Park PD and/or Rockford PD whose identities are currently unknown to Plaintiff. Upon information and belief, these Individual Officers were acting within the course and scope of their employment and under color of state law at all relevant times. Plaintiff will seek leave to amend this Complaint upon ascertaining their identities through discovery.

## STATEMENT OF FACTS

8. On or about February 15, 2024 (the "Incident"), Plaintiff was working as a delivery driver in Loves Park, Illinois. While stopped at a gas station in his orange Jeep for approximately 30 minutes, speaking on the phone with his wife, Plaintiff was unaware of any police activity nearby.

9. Unbeknownst to Plaintiff, Loves Park PD officers had established a perimeter at the gas station in search of an armed and dangerous suspect described as a 26-year-old Black male with dreads, wearing a hat, and fleeing on foot. Plaintiff is a Black 50 years old male with braids and beads, not dreads, and was seated in a clearly visible vehicle, not on foot.

10. Despite these clear discrepancies, Loves Park PD officers radioed Rockford PD for assistance, falsely describing Plaintiff as the fleeing suspect. Individual Officers from both departments pursued Plaintiff's vehicle without activating sirens or lights, of which Plaintiff was unaware.

11. When the Individual Officers caught up to Plaintiff's vehicle, they intentionally rammed it from behind with their police vehicle, causing Plaintiff to black out from the impact. This ramming constituted excessive and unreasonable force, resulting in severe physical injuries, including a minor stroke, brain bleed, rotator cuff tear, limping, chronic shoulder pain requiring a brace and therapy, and ongoing physical limitations (e.g., inability to fully lift his arm).

12. Upon regaining consciousness, Plaintiff found himself in handcuffs. Disoriented and in severe pain, Plaintiff repeatedly asked the Individual Officers what was happening and requested that they call his wife. The Individual Officers refused to explain the situation or make the call, instead deferring it with statements like "we'll do that later," while continuing to interrogate Plaintiff about his identity despite his incoherence from the injuries.

13. Plaintiff was handcuffed for the entirety of the Incident, including during aggressive placement onto a gurney by the Individual Officers, who ignored his inability to stand due to injuries. An ambulance arrived approximately 15 minutes after the crash, during which time the Individual Officers delayed departure from the scene for an additional 10 minutes, prolonging Plaintiff's distress.

14. Even after EMTs arrived and confirmed—overhearing the Individual Officers state—"this is not the suspect," the handcuffs remained on Plaintiff throughout ambulance transport to Javon Bea Hospital in Loves Park, Illinois (located "right down the street" from the scene). The EMT asked if Plaintiff was comfortable, but the Individual Officers refused to remove the restraints, citing ongoing suspicion despite the confirmation.

15. During transport, the EMT informed Plaintiff of his brain bleed and minor stroke. Plaintiff, still confused and in pain, continued asking about the blood and situation, but received no adequate response.

16. Upon arrival at the hospital, Plaintiff remained handcuffed to the bed with a sheet draped over his head, further exacerbating his disorientation and fear. An Individual Officer sat by his bedside, berating him with statements like "you ran from us, you did this, you did that, shut up, you're getting all these tickets, you caused all this." Despite Plaintiff's pleas for explanation, his family, and medical attention, the Individual Officer refused, even as doctors and nurses expressed confusion.

17. The Individual Officers falsely assured Plaintiff they would call his wife but failed to do so. Plaintiff's family learned of the Incident only when hospital insurance staff contacted her, stating Plaintiff was "unconscious and unstable."

18. Upon arrival, the Individual Officers placed a "gang code" on Plaintiff, falsely claiming he was under investigation, arrested, or detained as a suspect—despite prior confirmation he was not the suspect. This code prevented family access for 1-1.5 hours, during which Plaintiff remained handcuffed even as doctors examined him. The Individual Officers continued to return to his room, repeating false accusations of a "high-speed chase" and evasion.

19. Plaintiff protested that he was unaware of any pursuit, had not taken the highway (as one may would in a true chase), and had merely driven around a corner while making a delivery—facts inconsistent with the Individual Officers' narrative.

20. The prolonged handcuffing, delays, and mistreatment caused or exacerbated Plaintiff's injuries, including a six-month delay in diagnosing his rotator cuff tear (which can now only be managed with therapy to avoid risky surgery that could result in permanent arm loss), chronic limping, inability to walk normally, and severe mental health impacts.

21. As a direct result, Plaintiff now suffers from elevated PTSD, constant paranoia, social withdrawal, inability to leave the house or engage in activities, and a "stuck" mental state unlike anything prior to the Incident—permanently altering his mental health and quality of life.

22. At all relevant times, the Individual Officers acted pursuant to actual or apparent authority vested in them by the Loves Park PD and Rockford PD, under color of state law.

23. Upon information and belief, the Loves Park PD and Rockford PD maintained policies, customs, or practices—including inadequate training on suspect

identification during pursuits, use of force in mistaken-identity scenarios, detainee medical care, and hospital security protocols—that were the moving force behind the violations. These deficiencies reflect deliberate indifference, as evidenced by the Incident's occurrence despite obvious risks.

24. Plaintiff has complied with all administrative prerequisites, including any notice requirements under Illinois law.

## COUNT I
### Excessive Force in Violation of the Fourth Amendment
### (42 U.S.C. § 1983 Against Individual Officers)

25. Plaintiff incorporates paragraphs 1-24 as if fully set forth herein.

26. The Individual Officers' intentional ramming of Plaintiff's vehicle, aggressive gurney placement, and prolonged handcuffing despite known injuries constituted excessive force that was objectively unreasonable under the circumstances, in violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

27. These actions were not reasonable responses to any threat, as Plaintiff posed no danger, was unaware of the pursuit, and was quickly confirmed not to be the suspect.

28. As a proximate result, Plaintiff suffered severe physical and emotional injuries, medical expenses, lost wages, pain and suffering, and other damages.

## PRAYER FOR RELIEF
 WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants and in favor of Plaintiff as follows:

a. Compensatory damages in excess of $1,000,000, jointly and severally;
b. Punitive damages against Individual Officers;
c. Attorneys' fees and costs under 42 U.S.C. § 1988;
d. Injunctive relief enjoining unconstitutional practices;
e. Pre- and post-judgment interest;
f. Such other relief as the Court deems just.

## COUNT II
### Unlawful Arrest and Prolonged Detention in Violation of the Fourth Amendment
### (42 U.S.C. § 1983 Against Individual Officers)

29. Plaintiff incorporates paragraphs 1-28 as if fully set forth herein.

30. The Individual Officers seized Plaintiff without probable cause by ramming his vehicle based on a mistaken identity that was unreasonable given the suspect's description (dreads, on foot) versus Plaintiff's (braids, in vehicle). Their continued detention, including the 15-minute pre-ambulance hold, transport restraints, and 1-1.5-hour hospital "gang code" despite confirmation of innocence, constituted an unreasonable seizure.

31. As a proximate result, Plaintiff suffered the damages described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants and in favor of Plaintiff as follows:

a. Compensatory damages in excess of $1,000,000, jointly and severally;
b. Punitive damages against Individual Officers;
c. Attorneys' fees and costs under 42 U.S.C. § 1988;
d. Injunctive relief enjoining unconstitutional practices;
e. Pre- and post-judgment interest;
f. Such other relief as the Court deems just.

## COUNT III
### Deliberate Indifference to Serious Medical Needs in Violation of the Fourteenth Amendment
### (42 U.S.C. § 1983 Against Individual Officers)

32. Plaintiff incorporates paragraphs 1-31 as if fully set forth herein.

33. As a post-seizure detainee, Plaintiff was entitled to objectively reasonable medical care under the Fourteenth Amendment. The Individual Officers acted with deliberate indifference by delaying the ambulance (15 minutes), prolonging the scene departure (10 minutes), refusing to remove handcuffs during transport and treatment (impeding care), placing a sheet over his head, and using the "gang code" to bar family despite known severe injuries (stroke, brain bleed).

34. Their response was not reasonable, ignoring Plaintiff's pleas and obvious symptoms.

35. As a proximate result, Plaintiff suffered worsened injuries and damages as described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants and in favor of Plaintiff as follows:

a. Compensatory damages in excess of $1,000,000, jointly and severally;
b. Punitive damages against Individual Officers;
c. Attorneys' fees and costs under 42 U.S.C. § 1988;
d. Injunctive relief enjoining unconstitutional practices;
e. Pre- and post-judgment interest;
f. Such other relief as the Court deems just.

## COUNT IV
### Municipal Liability for Unconstitutional Policy or Custom
### (42 U.S.C. § 1983 Against Loves Park PD and Rockford PD)

36. Plaintiff incorporates paragraphs 1-35 as if fully set forth herein.

37. The constitutional violations were caused by policies, customs, or practices of the Loves Park PD and Rockford PD, including failures to train or supervise officers on reasonable suspect identification, proportionate force in pursuits, detainee medical care, and hospital protocols, reflecting deliberate indifference to constitutional rights.

38. These deficiencies were the moving force behind the violations.

39. As a proximate result, Plaintiff suffered the damages described above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants and in favor of Plaintiff as follows:

a. Compensatory damages in excess of $1,000,000, jointly and severally;
b. Punitive damages against Individual Officers;
c. Attorneys' fees and costs under 42 U.S.C. § 1988;
d. Injunctive relief enjoining unconstitutional practices;
e. Pre- and post-judgment interest;
f. Such other relief as the Court deems just.

### COUNT V
### False Imprisonment
### (Illinois State Law Against All Defendants)

40. Plaintiff incorporates paragraphs 1-39 as if fully set forth herein.

41. The Individual Officers intentionally confined Plaintiff without lawful justification by handcuffing and detaining him post-confirmation of innocence, including the "gang code" hold, in violation of Illinois common law.

42. The municipal Defendants are liable for indemnification under 745 ILCS 10/9-102.

43. As a proximate result, Plaintiff suffered damages as described above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants and in favor of Plaintiff as follows:

a. Compensatory damages in excess of $1,000,000, jointly and severally;
b. Punitive damages against Individual Officers;
c. Attorneys' fees and costs under 42 U.S.C. § 1988;
d. Injunctive relief enjoining unconstitutional practices;
e. Pre- and post-judgment interest;
f. Such other relief as the Court deems just.

### COUNT VI
### Assault and Battery
### (Illinois State Law Against Individual Officers)

44. Plaintiff incorporates paragraphs 1-43 as if fully set forth herein.

45. The Individual Officers committed assault by pursuing and threatening Plaintiff with imminent harmful contact (ramming), and battery by intentionally ramming his vehicle and aggressively handling him onto the gurney, causing harmful contact without consent or justification.

46. As a proximate result, Plaintiff suffered damages as described above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants and in favor of Plaintiff as follows:

a. Compensatory damages in excess of $1,000,000, jointly and severally;
b. Punitive damages against Individual Officers;
c. Attorneys' fees and costs under 42 U.S.C. § 1988;
d. Injunctive relief enjoining unconstitutional practices;
e. Pre- and post-judgment interest;
f. Such other relief as the Court deems just.

### COUNT VII
### Intentional Infliction of Emotional Distress
### (Illinois State Law Against All Defendants)

47. Plaintiff incorporates paragraphs 1-46 as if fully set forth herein.

48. The Individual Officers engaged in extreme and outrageous conduct—berating a severely injured, disoriented detainee; ignoring pleas for family contact; prolonging restraints and isolation via "gang code"—intended to or in reckless disregard of causing severe emotional distress.

49. The municipal Defendants ratified this conduct through their customs.

50. As a proximate result, Plaintiff suffered severe PTSD, paranoia, and other emotional damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants and in favor of Plaintiff as follows:

a. Compensatory damages in excess of $1,000,000, jointly and severally;
b. Punitive damages against Individual Officers;
c. Attorneys' fees and costs under 42 U.S.C. § 1988;
d. Injunctive relief enjoining unconstitutional practices;
e. Pre- and post-judgment interest;
f. Such other relief as the Court deems just.

### COUNT VIII
### Negligence
### (Illinois State Law Against All Defendants)

51. Plaintiff incorporates paragraphs 1-50 as if fully set forth herein.

52. At all relevant times, the Individual Officers and municipal Defendants owed Plaintiff a duty of reasonable care in conducting investigations, pursuits, detentions, and medical responses, including proper suspect identification, proportionate use of force, timely medical aid, and accurate notifications to family.

53. The Individual Officers and municipal Defendants breached this duty through negligent acts and omissions, including: (a) failing to verify the suspect's description before initiating pursuit and ramming; (b) delaying ambulance response and hospital transport; (c) maintaining handcuffs and imposing the "gang code" despite confirmation of innocence; (d) failing to notify Plaintiff's family; and (e) inadequate training and supervision by the municipal Defendants on these protocols, constituting negligent entrustment and respondeat superior liability.

54. Such breaches were the proximate cause of Plaintiff's injuries, including physical harm (stroke, brain bleed, rotator cuff tear), emotional distress (PTSD, paranoia), and economic losses. These negligent acts rise to the level of willful and wanton conduct under Illinois law, overcoming immunity under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-210, 10/2-202.

55. The municipal Defendants are liable for indemnification under 745 ILCS 10/9-102.

56. As a proximate result, Plaintiff suffered damages as described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants and in favor of Plaintiff as follows:

a. Compensatory damages in excess of $1,000,000, jointly and severally;
b. Punitive damages against Individual Officers;
c. Attorneys' fees and costs under 42 U.S.C. § 1988;
d. Injunctive relief enjoining unconstitutional practices;
e. Pre- and post-judgment interest;
f. Such other relief as the Court deems just.

## DEMAND FOR JURY TRIAL

**Plaintiff demands a trial by jury on all triable issues.**

Respectfully submitted,

/s/ *Juneitha Shambee*
Shambee Law Office, Ltd.
 701 Main St, #201A
Evanston, Illinois 60202
(773) 741-3602
juneitha@shambeelaw.com